Michele R. Stafford, Esq. (SBN 172509)
Adrian L. Canzoneri, Esq. (SBN 265168)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, California  94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: mstafford@sjlawcorp.com
Email: acanzoneri@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health and Welfare Trust Fund, et al.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

OPERATING ENGINEERS' HEALTH AND
WELFARE TRUST FUND FOR NORTHERN
CALIFORNIA, et al.,

              Plaintiffs,

    v.

TUTTLE EXCAVATION, INC., a California
corporation; and MICHAEL B. PHILLIPS, an
individual,

              Defendants.

Case No. C15-5346-KAW

**NOTICE OF ACKNOWLEDGMENT  AND
JUDGMENT PURSUANT TO
STIPULATION**

IT IS HEREBY STIPULATED and AGREED (the "Stipulation") by and between the parties

hereto that Judgment shall be entered in the within action in favor of Plaintiffs Operating Engineers'

Health and Welfare Trust Fund for Northern California, et al. ("Plaintiffs" or "Trust Funds") and against

Defendant Tuttle Excavation, Inc., a California corporation, and Defendant Michael B. Phillips, an

individual (collectively "Defendants"), as follows:

    1.    Defendant Tuttle Excavation, Inc. is signatory to and bound by the terms of a Collective

Bargaining Agreement ("Bargaining Agreement") with the Plaintiff Union ("Union"). The Bargaining

Agreement is still in full force and effect.

    2.    Defendant Michael B. Phillips confirms that he is authorized to enter into this Stipulation

on behalf of Defendant Tuttle Excavation, Inc., and confirms that he is personally guaranteeing the

1

1   amounts due herein.

2   3.   Defendant Michael B. Phillips hereby acknowledges that he is authorized to receive

3   service on behalf of Defendants and has received the following documents in this action: Complaint

4   (Dkt. #1); Civil Cover Sheet (Dkt. #1-1); Notice of Assignment of Case to a United States Magistrate

5   Judge for Trial; Consent to Proceed Before A United States Magistrate Judge (Blank Form); Declination

6   to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge

7   (Blank Form); ECF Registration Information; Filing Procedures (Oakland); Standing Order for All

8   Judge of the Northern District of California, Contents of Joint Case Management Statement; Magistrate

9   Judge Westmore's Standing Order--General; ADR Dispute Resolution Procedures; Instructions for

10  Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and Proposed Order

11  Selecting ADR Process (Blank Form); Notice of Need for ADR Phone Conference (Blank Form); ADR

12  Certification by Parties and Counsel (Blank Form); Certification of Interested Entities or Persons

13  Pursuant to Civil Local Rule 3-16 (Dkt. #2); Proposed Summons (Dkt. #3); Notice of Case Assignment

14  (Dkt. #4); Order Setting Initial Case Management Conference And Adr Deadlines (Dkt. #5); Summons

15  (Dkt. #6); and Plaintiffs' Consent To Proceed Before a United States Magistrate Judge (Dkt. #7).

16  4.   Defendants specifically consent to the Court's jurisdiction, as well as the use of a

17  Magistrate Judge for all proceedings, including entry of judgment herein. Defendants further confirm

18  that all successors in interest, assignees, and affiliated entities (including, but not limited to, parent or

19  other controlling companies), and any companies with which Defendants join or merge, if any, shall also

20  be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in

21  which Defendants are an officer, owner or possess any controlling ownership interest. All such entities

22  shall specifically consent to the Court's jurisdiction, the use of a Magistrate Judge for all proceedings,

23  and all other terms herein, in writing, at the time of any assignment, affiliation or purchase.

24  ///

25  ///

26  ///

27  ///

28  ///

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-5346-KAW**

C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation_111315.docx

5.      Defendants are currently indebted to the Trust Funds as follows:

| Work Month | Total Contributions Reported Due | Unpaid Contributions | 20% Liquidated Damages[1] | 10% Interest (thru 10/31/15) | Subtotal Due |
|---|---|---|---|---|---|
| 10/14 | $5,291.70 | $229.66 | $1,058.34 | $238.52 | |
| 11/14 | $3,613.15 | $3,122.93 | $722.63 | $260.86 | |
| 6/15 | $4,267.50 | $4,267.50 | $853.50 | $91.98 | |
| 7/15 | $3,237.30 | $3,237.30 | $647.46 | $47.68 | |
| **Subtotals:** | $16,409.65 | $10,857.39 | $3,281.93 | $639.04 | |

| | |
|---|---|
| Total due, as shown above, for 10/14-11/14 and 6/15-7/15 (through 10/31/15): | $14,778.36 |
| 10% Liquidated Damages for Prior Late-Paid Contributions (4/14-5/14; 7/14-9/14;1/15-5/15): | $3,640.54 |
| 10% Per Annum Interest for Prior Late-Paid Contributions(4/14-5/14; 7/14-9/14;1/15-5/15): | $380.90 |
| Attorneys' Fees (through 11/22/15): | $1,449.00 |
| Complaint Filing Fee: | $400.00 |
| **TOTAL JUDGMENT:** | **$20,648.80** |

## REQUIREMENTS UNDER THE TERMS OF THIS STIPULATION

6.      **Notice requirements** pursuant to the terms of this Stipulation are as follows:

a)      <u>Notices to Defendants</u>:  Michael B. Phillips, Tuttle Excavation, Inc., PO Box 1465, Merced, CA 95341; email: phillipstttl6366@att.net

b)      <u>Notices to Plaintiffs</u>: Michele R. Stafford, Saltzman & Johnson Law Corp., 44 Montgomery Street, #2110, San Francisco, CA 94104; email: mstafford@sjlawcorp.com, copy to compliance@sjlawcorp.com

7.      The requirements pursuant to the terms of this Stipulation are as follows:

a)      **Monthly Payments**: Defendants shall conditionally pay the amount of $13,726.33, representing all of the above amounts, less liquidated damages in the amount of $6,922.47.

i)      Payments in the amount of **$500.00 per month** shall begin on December 15, 2015, and continue on or before the 15th day of each month thereafter **for a period of three (3) months**.

ii)      Beginning on March 15, 2016, and continuing on or before the 15th day of each month thereafter for **a period of nine (9) months**, Defendants shall make payments in the amount of **$1,475.00 per month**.   Plaintiffs may require that Defendants pay electronically by ACH/wire

---

[1] Liquidated damages are calculated on the total reported due, per the terms of the Bargaining and Trust Agreements.

JUDGMENT PURSUANT TO STIPULATION
Case No. C15-5346-KAW
C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation_111315.docx

transfer, or by cashier's check.

        iii)    Defendants shall have the right to increase the monthly payments at any time and there is no penalty for prepayment.

        iv)    Payments shall be applied first to interest, at the rate of 10% per annum in accordance with the Bargaining Agreement(s) and Trust Agreements. Interest shall begin to accrue on November 1, 2015.

        b)    **<u>Contributions</u>:** Beginning with contributions due for hours worked by Defendants' employees during the month of November 2015, and for every month thereafter until this Judgment is satisfied, Defendants shall remain current in reporting and payment of contributions due to Plaintiffs under the terms of the Collective Bargaining Agreement(s).

        c)    **<u>Job Report</u>:** Beginning with the month of November 2015, and for every month thereafter, Defendants shall fully disclose all jobs on which they are working by providing Plaintiffs with fully completed job reports on the form attached hereto as Exhibit A. Upon request by Plaintiffs, Defendants shall also provide Plaintiffs with copies of Certified Payroll Reports.

        d)    **<u>Audit</u>:** Should the Trust Funds request an audit of Defendants' payroll records pursuant to the requirements of the Bargaining Agreement(s) and/or Trust Agreements, Defendants must contact the auditor within seven days of receiving notice, and must schedule the audit as requested.

        i)    In the event that amounts are found due to Plaintiffs as a result of the audit, Plaintiffs shall send a copy of the audit report and written demand for payment to Defendants. In the event that the audit findings are not contested, payment in full shall be delivered to Michele R. Stafford at the address provided above.

        ii)    In the event that Defendants dispute the audit findings, Defendants must provide the dispute in writing, with all supporting documentation, within ten days of the date of the demand. Defendants shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due. If revisions are made, payment in full of the revised amount shall be immediately due.

        iii)    If Defendants are unable to make payment in full, Defendants may submit a request to add the amounts found due to this Stipulation. If the Stipulation is so revised, Defendants

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-5346-KAW**

shall execute the Amended Judgment or Amendment to Judgment within ten days of receipt. Failure to execute the revised agreement shall constitute a default of the terms herein.

　　　　　　iv)　　Failure by Defendants to submit either payment in full or a request to add the amounts due to this Judgment within ten days of receipt shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

　　　　e)　　**Fees:** Defendants shall pay all additional attorneys' fees and costs incurred through Satisfaction of Judgment, whether or not a default occurs.

　　8.　　In summary, Defendants shall deliver the following payments and documents to Plaintiffs, at the following locations, on or before the following delivery deadlines, until this Stipulation has been fully satisfied:

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Stipulated payments in the amount of $500.00 for three (3) months, beginning on December 15, 2015** payable to *Operating Engineers Trust Funds* | 15th day of each month (12/15/15-2/15/16) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |
| **Stipulated payments in the amount of $1,475.00 for nine (9) months, beginning on March 15, 2016** payable to *Operating Engineers Trust Funds* | 15th day of each month (3/15/16-11/15/16) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |
| **Current contribution reports and payments** payable to *Operating Engineers Trust Funds* | 15th day of each month (12/15/15-11/15/16) | Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104; Plus copies to: compliance@sjlawcorp.com (subject: "Tuttle Excavation, Inc."); Operating Engineers Trust Funds P.O. Box 3157 Hayward, CA  94540-3157 |
| **Chart continued on the next page.** | | |

---

[2] If the Stipulation has not been fully satisfied by 11/15/16, all monthly submission requirements shall continue until all amounts have been paid and a Satisfaction of Judgment has been filed with the Court.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-5346-KAW**

| Required Submissions | Delivery deadlines[2] | Delivery locations |
|---|---|---|
| **Completed job reports** (form attached as Exhibit A to Stipulation)<br><br>**and Certified Payroll** (if requested) | 15th day of each month (12/15/15-11/15/16) | compliance@sjlawcorp.com (subject: "Tuttle Excavation, Inc.") or Michele R. Stafford Saltzman & Johnson Law Corp. 44 Montgomery Street, #2110 San Francisco, CA 94104 |

9.     Failure to comply with any of the above terms, including submitting a payment that does not clear the bank, shall constitute a default of the obligations under this Stipulation.

## DEFAULTS UNDER THE TERMS OF THIS STIPULATION

10.     If default occurs, Plaintiffs shall make a written demand to Defendants to cure said default **within seven (7) days of the date of the notice from Plaintiffs**. In the event default is not cured within the required time frame, all amounts remaining due hereunder (after application of principal payments made, if any) shall be due and payable on demand by Plaintiffs. These amounts shall include any conditionally waived liquidated damages, additional (current) contributions/liquidated damages/interest, and additional attorney's fees and costs incurred herein.

11.     Any unpaid or late-paid contributions, together with 20% liquidated damages and 10% per annum interest, shall become part of this Judgment. Plaintiffs reserve all rights available to collect any contributions and related amounts not included herein. This includes, but is not limited to, any amounts due pursuant to employee timecards or paystubs, by audit, or other means. Should Defendants fail to submit a report for any month, contributions shall be estimated pursuant to Trust Fund policy. Defendants specifically waive the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

12.     A Writ of Execution may be obtained without further notice, in the amount of the unpaid balance plus any additional amounts due under the terms herein. Such Writ of Execution may be obtained solely upon declaration by a duly authorized representative of Plaintiffs setting forth the balance due as of the date of default.

## MISCELLANEOUS PROVISIONS

13.     The above requirements remain in full force and effect regardless of whether or not Defendants have ongoing work, whether Defendants' account with the Trust Funds is active, or whether

6

1   Defendants are signatory to a Collective Bargaining Agreement with the Union. If, for any reason,

2   Defendants have no work to report during a given month, Defendants shall submit the job report form

3   (Exhibit A attached hereto) indicating that there are no current jobs. If Defendants have no contributions

4   to report, Defendants shall submit the applicable contribution report stating "no employees."

5          14.     Payments made by joint check shall be endorsed on behalf of Defendants prior to

6   submission, and may be applied toward Defendants monthly stipulated payment, provided that the issuer

7   of the joint check is not requesting a release in exchange for the payment. Joint checks for which a

8   release is requested may not be applied toward Defendants monthly stipulated payment, but shall be

9   deducted from the total balance owed under this Stipulation, provided the payment is for contributions

10   included in this Stipulation.

11          15.     Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendants as

12   to the final amount due, including additional interest, any current contributions and related amounts, and

13   all additional attorneys' fees and costs incurred by Plaintiffs, whether or not Defendants default herein.

14   Any additional amounts due shall be paid in full with the final stipulated payment due on November 15,

15   2016.

16          16.     The conditional waiver of liquidated damages shall be presented to the Collections

17   Manager and Board of Trustees for consideration only after all amounts due under the terms of this

18   Stipulation are paid in full, and Defendants' account is otherwise current. If the waiver is granted, a

19   Satisfaction of Judgment will be filed with the Court once all payments have cleared the bank. If the

20   waiver is not granted, the liquidated damages will be immediately due.

21          17.     Defendants waive any notice of Entry of Judgment or of any Request for a Writ of

22   Execution, and expressly waive all rights to stay of execution and appeal.

23          18.     Any failure on the part of Plaintiffs to take any action as provided herein in the event of

24   any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach.

25          19.     The parties agree that any payments made pursuant to the terms of this Judgment shall be

26   deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section

27   547(c)(2) and shall not be claimed by Defendants as a preference under 11 U.S.C. Section 547 or

28   otherwise.

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-5346-KAW**

20.     Should any provisions of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provisions shall be deemed not to be part of this Stipulation.

21.     This Stipulation is limited to the agreement between the parties with respect to the unpaid and delinquent contributions and related sums enumerated herein, owed by Defendants to Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendants acknowledge that Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendants and control group members, as provided by Plaintiffs' Plan documents, Trust Agreements incorporated into their Bargaining Agreements, and applicable laws and regulations.

22.     This Stipulation contains all of the terms agreed to by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

23.     This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

24.     Defendants represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, that they have read this Stipulation with care and are fully aware of and represent that they enter into this Stipulation voluntarily and without duress.

///
///
///
///
///
///
///
///
///

8

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-5346-KAW**

1       25.    The parties agree that the Court shall retain jurisdiction of this matter until this Judgment

2  is satisfied.

3  DATED: December 7, 2015          **TUTTLE EXCAVATION, INC., a California Corporation**

4

5                       By: _____/S/_____

6                         Michael B. Phillips, President/RMO/CEO of Defendant Tuttle Excavation, Inc.

7

8  DATED: December  7, 2015        **MICHAEL B. PHILLIPS**

9                       By: _____/S/_____

10                       Michael B. Phillips, individually, as Defendant

11  DATED: December 11, 2015       **SALTZMAN & JOHNSON LAW CORPORATION**

12

13                       By: _____/S/_____

14                       Adrian L. Canzoneri, Attorneys for Operating Engineers Health and Welfare Trust Fund, et al.

15  DATED: December 9, 2015         **OPERATING ENGINEERS LOCAL 3 TRUST FUNDS**

16

17                       By: _____/S/_____

18                       David E. Hayner, Collections Manager for Plaintiffs, Operating Engineers Local 3 Trust Funds

19

20  IT IS SO ORDERED.

21  IT IS FURTHER ORDERED that the calendar in this matter is vacated, and that the Court shall retain

22  jurisdiction over this matter.

23  DATED: December 14 , 2015

24                       _____

25                       UNITED STATES MAGISTRATE JUDGE

26

27

28

**JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-5346-KAW**

**Exhibit A: JOB REPORT FORM**
**Completed Forms Due by the 15th day of each month**
by email to compliance@sjlawcorp.com (subject line: *Tuttle Excavation, Inc.*) , or
delivered to Saltzman & Johnson, 44 Montgomery St., Ste. 2110, San Francisco, CA 94104

**Employer: TUTTLE EXCAVATION, INC.**
Report for the month of _____, 20__  Submitted by: _____

| | | |
|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) |
| **Project Address:** | | |
| **General Contractor:** | | |
| **General Contractor Address:** | | |
| **General Contractor Phone #:** | | **Project Manager Name:** |
| **Project Manager Phone #:** | | **Project Manager email address:** |
| **Contract #:** | | **Contract Date:** |
| **Total Contract Value:** | | |
| **Work Start Date:** | | **Work Completion Date:** |
| **Project Bond #:** | | **Surety:** |

| | | |
|---|---|---|
| **Project Name:** | | **Public or Private?** (Circle one) |
| **Project Address:** | | |
| **General Contractor:** | | |
| **General Contractor Address:** | | |
| **General Contractor Phone #:** | | **Project Manager Name:** |
| **Project Manager Phone #:** | | **Project Manager email address:** |
| **Contract #:** | | **Contract Date:** |
| **Total Contract Value:** | | |
| **Work Start Date:** | | **Work Completion Date:** |
| **Project Bond #:** | | **Surety:** |

***\*\*\*Attach additional sheets as necessary\*\*\****

1

**EXHIBIT A to JUDGMENT PURSUANT TO STIPULATION**
**Case No. C15-5346-KAW**

C:\Users\IMBRIA~1\AppData\Local\Temp\notesF8C1A4\Judgment Pursuant to Stipulation_111315.docx